No. 13-16176

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

---

## WELLS FARGO BANK, N.A.,
*Defendant-Appellant,*

*v.*

## ANNE MERCY KAKARALA,
*Plaintiff- Appellee.*

---

On Appeal from the United States District Court
for the District of Arizona

The Honorable Judge Frank R. Zapata
USDC Case No. 4:10-cv-00208-FRZ

---

## APPELLEE'S ANSWERING BRIEF

---

Vince Rabago, Esq.
VINCE RABAGO LAW OFFICE, PLC
500 N. Tucson Blvd. #100
Tucson, AZ 85716
(520) 955-9038
Fax: (520) 371-4011
Vince@VinceRabagoLaw.com

Attorney for Appellee Anne Mercy Kakarala

# TABLE OF CONTENTS

Table of Authorities................................................................. p. ii

I.    Statement of Jurisdiction...................................................... p. 1

II.   Statement of Issue for Review.............................................. p. 1

III.  Statement of the Case & Statement of Facts......................... p. 2

IV.   Standard of Review............................................................. p. 13

V.    Summary & Introduction......................................................p. 14

VI.   Argument.........................................................................p. 14

      A.    **THE DISTRICT COURT REMAND ORDER IS
            NON-REVIEWABLE................................................. p. 17**

      B.    **REMOVAL WAS NOT PROPER:  APPELLANT FAILED
            TO TIMELY REMOVE BASED ON THE INITIAL
            PLEADINGS, AND WAS NOT ENTITLED TO A
            SECOND BITE AT THE REMOVAL APPLE..................... p. 20**

      C.    **WELLS FARGO WAIVED DIVERSITY JURISDICTION
            BY FAILING TO REMOVE AT THE FIRST
            OPPORTUNITY..................................................... p. 28**

VII.  Conclusion........................................................................p. 30

# TABLE OF AUTHORITIES

## CASES

*Abrego v. The Dow Chemical Co.,* 443 F. 3d 676 (9th Cir. 2006)................ p. 13

*Baldwin v. Perdue, Inc.*, 451 F.Supp. 373 (E.D.Va.1978)............................. p. 28

*Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691  (2003)................. p. 18

*Bruce v. United States*, 759 F.2d 755, 758 (9th Cir. 1985)........................... p. 13

*Carlsbad Tech, Inc. v. HIF Bio, Inc.*, 556 US 635 (2009)............................pp. 19, 28

*Caterpillar Inc. v. Lewis,* 519 US 61 (1996).................................................. p. 23

*Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042 (9th Cir. 2000)... pp. 24-25

*ConnectU LLC v. Zuckerberg*, 522 F.3d 82 (1st Cir. 2008).......................... pp. 24-25

*Duarte v. Bardales*, 526 F. 3d 563 (9th Cir. 2008)....................................... p. 13

*Duncan v. Stuetzle*, 76 F.3d 1480 (9th Cir. 1996)........................................ p. 18

*Gaus v. Miles, Inc.,* 980 F.2d 564 (9th Cir.1992).......................................... pp. 18, 20

*George v. Al-Saud*, 478 F.Supp. 773 (N.D.Cal.1979)................................... p. 28

*Grupo Dataflux v. Atlas Global Group, L. P.*, 541 U. S. 567 (2004)............. pp. 22-23

*Harmstron v. City & Cty of San Francisco*, 627 F.3d 1273 (9th Cir. 2010)....p. 19, n.2

*Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689 (9th Cir., 2005)............. pp. 20, 21, 24

*Hummel v. Smith*, 2009 WL 3423034........................................................... pp. 9, 21

*Mashiri v. Dept. of Educ.,* 724 F.3d 1028 (9th Cir. 2013)............................. p. 22

*McNutt v. General Motors Acceptance Corp. of Indiana,* 298 U.S. 178,
56 S.Ct. 780, 80 L.Ed. 1135 (1936)............................................................ p. 21

*Porter v. Dir. of Dep't of Corr.* (E.D. Cal., 2013)...........................................p. 19

*Pretka v. Kolter City Plaza II, Inc*., 608 F.3d 744 (11th Cir. 2010)................pp. 26-27

*Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996)................................p. 18

*Rains v. Criterion Systems, Inc.,* 80 F.3d 339 (9th Cir. 1996)......................pp. 14, 19, 22

*Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)..................................................................pp. 18, 20

*Smith v. Block*, 784 F.2d 993 (9th Cir. 1986).....................................p. 13

*Smith v. Sperling,* 354 U.S. 91, 77 S.Ct. 1112, 1 L.Ed.2d 1205 (1957)........ p. 21

*Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336 (1976)..................pp. 18-19

*Tworivers v. Lewis*, 174 F.3d 987 (9th Cir.1999)..........................................p. 13

*Williams v. Caterpillar Tractor Co.*, 786 F.2d 928 (9th Cir. 1986)..............p. 13

*Zimmerman v. City of Oakland*, 255 F.3d 734 (9th Cir.2001)......................p. 13

**RULES**

Ariz. R. Civ. P.  8 & 12(b)(6).......................................................... p. 7

**STATUTES**

28 U.S.C. 1291.............................................................................. p. 1

28 U.S.C. 1441............................................................................ p. 8, 30

28 U.S.C. 1442............................................................................ p. 17

28 U.S.C. 1443............................................................................ p. 17

28 U.S.C. 1446............................................................................pp. 8, 20, 23, 24, 26

28 U.S.C. 1447............................................................................pp. 1, 13-15, 17, 19, 22

iii

## OTHER AUTHORITIES

14B *Federal Practice & Procedure,* § 3721.................................................. p. 28

19A Charles Alan Wright et al., <u>Federal Practice and Procedure</u> 373
(4th ed. 2009)........................................................................................ p. 27

Am. Law Inst., <u>Federal Judicial Code Revision Project</u> (2004)................... p. 27

Edward A. Purcell, <u>Federal Diversity Jurisdiction in Industrial America,</u>
1870 - 1958 (1992)........................................................................... p. 14

James E. Pfander, <u>Collateral Review of Remand Orders: Reasserting the</u>
<u>Supervisory Role of the Supreme Court</u>, 159 U. Pa. L. Rev. 493 (2010)...... p. 18

Judiciary Act of 1789....................................................................... p. 14

<u>Executive Summary of the IntraAgency Review of Foreclosure Policies</u>
<u>and Practices by the Federal Reserve Board</u>, the Office of the Comptroller
of the Currency, and Office of Thrift Supervision, at 2-3, available at
www.ots.treas.gov/_files/4900701.pdf.......................................... p. 26

## I.    STATEMENT OF JURISDICTION

As explained below, Appellee Anne Kakarala contests jurisdiction.  Appellee contends Appellant Wells Fargo waived federal jurisdiction by failing to remove at the first required opportunity since diversity jurisdiction was present on the face of the initial pleadings, thus Wells Fargo's subsequent removal on federal question grounds was defective and improper, as well as all ensuing federal jurisdiction, and therefore also this appeal pursuant to 28 U.S.C. § 1291.  The central issue on appeal is the District Court's Order remanding state claims to state court.  Congress prohibited the appeal of remand orders (28 U.S.C. § 1447(d)), with exceptions not applicable here, although later Supreme Court cases have created limited exceptions to this law.  One circumstance that is <u>not</u> subject to any exception is when remand is ordered to address a defect in removal procedure or an absence of subject matter jurisdiction, as occurred here.  As such, the Order is not reviewable.

## II.    STATEMENT OF ISSUES FOR REVIEW

1.    Whether jurisdiction exists to appeal a District Court order remanding state claims to the state court from which it was removed, particularly when the removal was defective, and also when Congress has enacted federal law stating that remand orders are not reviewable on appeal, except for limited situations not present here?

2.    Whether Wells Fargo's removal based on proposed amended state pleadings

1

raising federal issues was improper and defective when Wells Fargo ignored its statutory obligation to remove when initial pleadings provided for federal diversity jurisdiction at the outset, and Wells Fargo chose instead to litigate in State Court for over half a year, representing to the State Court that it did not oppose amending the complaint (to add federal claims), and also represented to the State Court that it would continue litigating *in state court* with a motion to dismiss after amendment, thus ignoring and waiving any claim to federal jurisdiction?

3.     Whether the District Court abused its discretion by remanding state law claims based on a timely filed motion for remand that had not been ruled upon by the Court, which ultimately concluded that the case "should have been remanded"?

## III.   STATEMENT OF THE CASE & STATEMENT OF FACTS

On October 2, 2009, Mrs. Anne Mercy Kakarala ("Appellee", "Mrs. Kakarala"), a foreign born American citizen and non-native English speaker originally from India, who owned a small restaurant in Arizona (RE 0039, 0437, 0474), filed a handwritten *pro se* lawsuit dated September 18, 2009, against Wells Fargo Bank N.A. ("Wells Fargo", "Appellant"), in Pima County Superior Court in Tucson, Arizona, by submitting two letters alleging she wanted to sue Wells Fargo for fraudulently selling her Tucson home by giving her misleading information, and that she wanted her home back (RE 00352), and alleging, in pertinent part:

2

> I am filing a case against my bank Wells Fargo, N.A..  This Bank fraudulently sold my property without my notice.  I had my house for 12 years, due to difficult financial troubles I am little behind my payments, I called them and told them the situation.  They agreed and gave me time in 3 months, I paid in two months.  At the end of 2nd month without my knowledge even we still have contract of 3 months time they sold my property of 1152 North Thunder Ridge Drive, Tucson, AZ 85745.  Please help me to get back my house which was fraudulently sold by Wells Fargo Bank.  I was their customer since last 15 years, they called us and asked for hardship letter and financial position which was just to mislead us.  When we sent the next day they sold this house.  Please help me by doing justice.

RE 0353-54;  see also RE 0477-78.[1]

On October 2, 2009, Appellee filed a Certificate of Compulsory Arbitration – as required with initial pleadings under state procedural rules - listing damages as exceeding "$250,000".  RE 0357.  The Summons was date stamped October 2, 2009, by the Court.  Wells Fargo apparently received it that day (RE 075, 0351), but later stated that they were served on October 7, 2009. RE 0463.

On October 13, 2009, Appellee filed a typewritten Complaint to "get back

---

1 Appellee apparently submitted for filing on September 18, 2009, filing an application for deferral of fees, notarized by the Clerk that day, but the State Court did not file the order granting fee deferral until October 2. (RE 0344-0348.)  Below, Appellant suggested the suit was filed October 9, and later stated it was October 13, and the District Court stated the original complaint was filed September 18. RE 0156, 0187. This Court can take judicial notice of the Pima County Superior Court docket for C2009-7602, listing the initial complaint filed October 2nd and the subsequent Complaint filed October 13, 2009: the docket is available at: www.agave.cosc.pima.gov/PublicDocs.  On remand, the state case is active and several status conferences have been held, and filings updating the State Court, while awaiting this appeal. There was no Stay of the state litigation.

my house with damages of $150,000"; she alleged Wells Fargo told her "to send paperwork to re-modify the mortgage," which would take 2 months, and during this time, "they sold this house without giving me any information," and alleged:

> I want to get my house back with damages of $150,000. I went to India to take care of family issues and my health condition, while I was away, my house was sold without any kind of notice. Banks are getting a lot of money from the Government to help homeowners who were struggling to pay their mortgages like me. I am a minority woman small business owner trying to meet my demands. I am behind on my payments, but I am communicating with them giving details of my situation and having good terms with the bank as they said they are willing to modify my loan. Giving such information fraudulently and turning back on their word and sold the house without giving me any notice. Please help me to get back my house and also damages as my credit went very low because of their actions of selling my house.

RE 0359, 474.

At that time, there was complete diversity between Appellee and Wells Fargo, who is a resident of South Dakota for diversity purposes. RE 0011; at fn.4.

On November 2, 2009, twenty days after the October 13th Complaint was filed, Wells Fargo filed its Answer to that Complaint. RE0361; lines 17-18.

On November 2, 2009, Appellee also filed another "Complaint" identical in substance to the October 13, 2009 Complaint, except for the fact that it also listed Robins Nest Properties LLC in the caption and attached miscellaneous documents. RE 0364- RE 0368. Neither Wells Fargo nor the state court acknowledged this

4

filing.  Robins Nest did not appear as party in state court. RE 0335-0479.

The litigation proceeded between Appellee and Wells Fargo. On December 30, 2009, Wells Fargo filed a Notice of Service of Initial Disclosures. RE 0409.

On December 14, 2009, Appellee tried to amend her Complaint by filing an "Amended Complaint," which listed Robins Nest Properties LLC and alleged that:

> This amendment would be in addition to my previous Complaints I filed with the court …. This amended complaint is issued because the new owner of my house Robins Nest Properties LLC., agreed to sell the house back to me with 150,000 sale price through a realtor named Nancy Socolof Zeldin.  Wells Fargo Bank can purchase my house back from the aforesaid owner and give back to me with damages of $150,000.  I am willing to take back my house from Wells Fargo Bank though purchase back from the Robins Nest Properties and also damages."

RE 0470.  On January 4, 2010, Wells Fargo filed a Motion to Strike the December 14, 2009 Amended Complaint because Appellee had not followed the procedures in Ariz. R. Civ. P. 15(a), noting that Appellee "filed her original complaint on September 18, 2009, and then filed a subsequent Complaint on October 13, 2009. Wells Fargo answered the Complaint on November 14, 2009." RE 0412- 0414.

That day, Appellee filed a Motion to Set & Certificate of Readiness, asking for trial January 10, 2010, noting damages of approximately $200,000. On Jan. 25, 2010, Wells Fargo filed a Controverting Certificate of Readiness, saying the case was not ready for trial. RE 0416-0417, 0426-427.  On Feb. 2, 2010, the State Court

granted the Motion to Strike the Dec. 14th 2009 Amended Complaint. RE 0434.

On February 22, 2010, Mrs. Kakarala and Wells Fargo filed a Joint Pretrial Memorandum. RE 0439 - 443. Wells Fargo indicated its intent to file a Motion for Summary Judgment in state court before March 1, 2010. RE 0439. Also on February 22, 2010, Mrs. Kakarala filed Supplemental Disclosures. RE 0436-437.

On March 1, 2010, at a Status Conference, Mrs. Kakarala asked how to properly amend. RE 0445. On March 12, 2010, she filed a Motion for Leave to Amend, naming both Wells Fargo and Robins Nest Properties as defendants, and attaching three proposed amendment documents, including, in part, the following:

### AMENDED COMPLAINT

> I am challenging the sale of my house by Wells Fargo Bank, N.A., which was located at 1152 N. Thunder Ridge Drive, Tucson AZ 85745, on 28th of July 2009. I never received original loan documents from Wells Fargo Bank. I borrowed money from First Magnus Financial Corporation. I received only payment coupons from Wells Fargo Bank, which doesn't constitute any liability on me as per real estate law. I want to see the original loan documents that were signed by me to borrow money from Wells Fargo Bank. Otherwise, Wells Fargo Bank doesn't have any right to sell my property. Wells Fargo Bank fraudulently sold my property after agreeing to modify my loan and after receiving my mortgage payments until June 09. Also the mortgage was covered by HUD, which violates the sale of this loan to investors. Also TILA violated. H.R. 3221, AHRAFPA, HAERA-2008 violated. Inadequate price with irregularities in the conduct of the sale was occurred. Trustee's sale was carried out without proper notice requirements. Bank employees lied to me. Taking of property without notice and prior hearing violates the fundamental principles of procedural process.

> "Sniadach Vs Family Finance Corporation", Pp. 395 U.S. 339-342.
> I was deprived of my right of reinstatement. I want to get back my
> house with damages of $150,000. New owner of my house Robins
> Nest Properties LLC., agreed to sell the house back to me with
> 150,000 through a realtor named by Nancy Socolof Zeldin. Wells
> Fargo Bank can purchase my house back from the aforesaid owner
> and give back to me with damages of $150,000.

RE 0466-68. On March 29, 2010, the State Court officially set the case for trial,
with a three (3) day jury trial to begin in state court on October 13, 2010. RE 0454.

On March 31, 2010, Wells Fargo responded to the Motion for Leave to
Amend, affirmatively representing to the state court that it did not oppose the filing
of the proposed amended complaint, and reiterating that it intended to file a Motion
to Dismiss for failure to state a claim under Arizona Rules 8 & 12(b)(6). RE 0456.

On April 7, 2010, the State Court granted Mrs. Kakarala's Motion for Leave
to Amend. RE 0459. However, before she could file the Amended Complaint,
Wells Fargo filed a Notice of Removal on April 12, 2010. RE 0461, 335-37. Wells
Fargo did not list Robins Nest Properties LLC as a Defendant, nor were they on the
distribution list. The Notice stated that the case was being removed on Federal
Question grounds and claimed, "The case as stated by Plaintiff's Complaint dated
September 18, 2009 was not removable." RE 0335.

On April 19, 2010, after removing, Wells Fargo filed a Motion for Plaintiff
to File Amended Complaint, stating that Appellee's prior state court Motion to

7

Amend had included federal claims, and restating that Wells Fargo still intended to

file a Motion to Dismiss.  RE 0330-32.  Wells Fargo's Motion also claimed that,

> Wells Fargo then removed the case to this Court pursuant to 28 U.S.C.
> 1441 and 1446 on April 12, 2010, within 30 days of the filing of the
> Plaintiff's Motion to Amend, which was the "paper from which it may
> first be ascertained that the case is one which is or has become
> removable...." See 28 U.S.C. $ 1446(b).

RE 0331; lines 1-5.

On April 20, 2010, Mrs. Kakarala filed her Motion to Remand, opposing the

removal, titled "Opposing Removal of Case # C20097602 from Superior Court,

Tucson, AZ, Kakarala v. Wells Fargo Bank, N.A.":

> I am requesting the court to deny this filing because this case was
> handled by Superior Court since September 2009 and as the core
> details are material to the case then were amended.  Wells Fargo Bank
> does not like the outcome of amended case approval, they are
> removing from Superior Court to cause more delay and pain to me.
> Please stop this unjustice [sic] and order to continue my case in
> Superior Court.  I will [provide] more details and continue to oppose
> this action which is coersing [sic] me more financial and technical
> problems.

RE 0328-29.

On May 4, 2010, Wells Fargo filed its Response In Opposition to Appellee's

Motion "Opposing Removal" (RE 0322-24), agreeing that it was in substance a

Motion to Remand, claiming that she had not stated legal arguments, and that:

> this action became removable to this Court **only** because Plaintiff
> moved to add federal claims to her Complaint by filing her Motion to

8

> Amend and proposed Amended Complaint on March 12, 2010. See
> *Hummel v. Smith*, 2009 WL 3423034, at *2-*3 (W.D. Wash. Oct. 22,
> 2009) ("Despite the clear assertions she chose to make in her
> complaint, plaintiff nevertheless claims that defendants improperly
> removed this case. . . .").

RE 0323; lines 14 – 20 (emphasis added).

Meanwhile, on April 21, 2010, Robins Nest Properties LLC filed an Answer in District Court, even though Mrs. Kakarala had not yet filed any properly Amended Complaint naming them in any court, state or federal. RE 0325-27.

On May 10, 2010, Appellee Kakarala filed a "Motion to Amend Complaint," which was conditional on whether jurisdiction would be retained in federal court, stating: "This request is made if the case is retained by the order of the district court as I already requested to move back my case to superior court." RE 0321.

On May 18, 2010, Robins Nest Properties filed a Motion for Summary Judgment. RE 0314-19. On May 20, 2010, Mrs. Kakarala filed her Motion Opposing Summary Judgment. RE 0283 - 300.

On May 27, 2010, Wells Fargo filed its Opposition to Mrs. Kakarala's Motion to Amend because she had not attached a copy of the proposed amendment. RE 0279 - 282. Wells Fargo also re-stated that it had intended to file a Motion to Dismiss in state court, and would file a Motion to Dismiss in federal court just as soon as Mrs. Kakarala filed her federal Amended Complaint. *Id.*

9

On June 1, 2010, Appellee Kakarala filed a reply to Wells Fargo's opposition to her amending her complaint. RE 0277-78. Appellee explained, among other things, that she was still waiting for the federal court to rule on her opposition to removal, and asked that the amendment be allowed in light of the fact that the District Court had still not yet ruled on her motion to remand to state court. *Id.*

Over the next several months, the Robins Nest Properties' motion for summary judgment was litigated (RE 0256 - 264), and Appellee/Plaintiff also filed various documents seeking to amend, and to comply with the separate statement of facts requirement for summary judgment motions. Defendants filed various motions and responses, expressing a purported inability to understand her claims, and stating their frustration with her lack of counsel. RE 0214 – 0255.

On August 3, 2010, Wells Fargo filed a Motion to Strike Plaintiff's Statement of Facts. RE 0186 - 0190. In that Motion, Wells Fargo asserted that, "the only operative complaint remains the original October 9, 2009 complaint asserting a single cause of action for failure to provide notice of the trustee's sale." RE 0187.

On March 31, 2011, the District Court granted Robins Nest's Motion for Summary Judgment, referring to the original complaint as being filed on September 18, 2009. RE 0156 - 0161. The District Court noted "it appears" Mrs. Kakarala had filed subsequent "Complaints" on October 13, 2009, and on

10

November 2, 2009, added Robins Nest. RE 0156. As noted, Robins Nest was never formally added as a party in a properly filed state complaint and never appeared in the case, and the Nov. 2nd document was never responded to by the State Court or Appellant. Appellant deemed the October 13, 2009 Complaint as the initial and operative state filing. RE 0361- 0362, 0412-413, 0434. The District Court ordered that Document 20 – the proposed federal Amended Complaint (which Appellee filed on a contingent basis pending disposition of her Motion for Remand) – be filed as the operative federal complaint. RE 0160.

In the federal Amended Complaint, Appellee Mrs. Kakarala alleged 17 claims, alleging federal and state law claims. RE 0240-RE0253; RE 0140-0153. On April 18, 2011, Wells Fargo filed a Motion to Dismiss. RE 0090 – 0132.

On May 4, 2011, undersigned counsel appeared, responding to the Motion to Dismiss on May 26, 2011. RE 0066 - 0083, 0087. Among the claims, the federal Amended Complaint alleged, *inter alia*, that Wells Fargo a) engaged in fraud, accepted payments while misrepresenting they would not take action, b) promised a modification and violated the Home Mortgage Affordable Program, c) sold the home while Appellee was in India after their assurances, d) state fraud, and contract claims including the fact that the Deed of Trust incorporated federal standards that were violated thus violating the contract (RE 036-037), and e) other

11

fraud claims such as an ***actual undisclosed conflict*** because Appellant's agent the Trustee and its employee and coworker ***represented three different parties in the same trustee sale*** process and property transfer to accomplish the foreclosure. RE 0078-79. Counsel's summary of the *pro se* claims is stated in Appellee's Opposition to the Motion to Dismiss. RE 0066-83.

For almost an entire year, no litigation happened as the parties awaited ruling on the Motion to Dismiss. On April 27th of 2012 - the following year - the District Court granted the Motion in favor of Wells Fargo.  RE0041-53.

On May 25, 2012, Appellee moved to alter or amend the judgment, arguing among other things, that dismissal was unwarranted, that Appellee had presented meritorious claims not considered, and also that because the court had never ruled on the issue of whether removal was proper in the first place, the District Court should remand at least the state law claims to state court.  RE0031-39. The District Court agreed and remanded the state law claims on February 20, 2013.  RE 0002-3.

On March 6, 2013, Wells Fargo filed a Motion for Reconsideration, stating, "Plaintiff filed this action against Wells Fargo in the Superior Court on September 18, 2009. Plaintiff thereafter amended her complaint adding Robin's Nest Properties, LLC, an Arizona citizen, as a defendant..." RE 0008-13. That Motion was denied (RE 0007), and this appeal followed. RE 0004–6.

## IV.   STANDARD OF REVIEW

Removal is a question of federal subject matter jurisdiction reviewed *de novo*. *Williams v. Caterpillar Tractor Co.*, 786 F.2d 928, 930 (9th Cir. 1986). Remand orders are generally not reviewable under 28 U.S.C. § 1447(d).  When reviewable, remand orders are reviewed *de novo*.  *Abrego v. The Dow Chemical Co.*, 443 F. 3d 676, 679 (9th Cir. 2006).  A district court's factual findings on jurisdictional issues are accepted unless clearly erroneous. *Bruce v. United States*, 759 F.2d 755, 758 (9th Cir. 1985).  A dismissal for failure to state a claim is reviewed *de novo*.  *Tworivers v. Lewis*, 174 F.3d 987, 991 (9th Cir.1999).  A ruling on a Rule 59(e) motion will not be reversed absent abuse of discretion.  *Duarte v. Bardales*, 526 F. 3d 563, 567 (9th Cir. 2008).  It is proper to alter or amend if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir.2001). On appeal, the Court reviews for clear error or manifest injustice and thus an abuse of discretion.  *Duarte*, 526 F. 3d at 567.

Finally, when reviewing decisions of the district court, the Court of Appeals may affirm on any ground finding support in the record below.  *Smith v. Block*, 784 F.2d 993, 996 n. 4 (9th Cir.1986).

## V.     INTRODUCTION & SUMMARY

Diversity jurisdiction is one of the oldest jurisdictional rules in our system of government.  Judiciary Act of 1789.  The founders felt strongly that federal courts must be given power to hear conflicts between citizens of different states lest nonresidents be subject to biased judgments by plaintiffs' home courts.  Early on, however, corporate defendants would petition for removal to federal courts in order to gain an advantage because the federal court was farther away from the plaintiff's home, or was more pro-business than the state court.  *See* Purcell, Edward A., Federal Diversity Jurisdiction in Industrial America, 1870 - 1958 (1992).  In order to prevent corporate game-playing, Congress placed the burden on the party desiring a federal forum to remove properly and promptly.  *Rains v. Criterion Systems, Inc.,* 80 F.3d 339, 342 (9th Cir. 1996).  Congress has also enacted federal law expressly precluding appellate review for an order remanding a case to a State court from which it was removed as not being reviewable on appeal or otherwise, except for certain civil rights or federal officer cases.  See 28 U.S.C. 1447(d).

Here, Appellee Kakarala *consistently* expressed her desire for a state forum, and her objection to a federal forum.  Appellant Wells Fargo is the corporate Defendant here, who presumably feels that the state forum is biased in favor of Appellee.  However, instead of removing at the first opportunity, when Appellant

14

received the initial pleadings providing for federal diversity jurisdiction, Appellant actively litigated in state court for over six months, and represented to the State Court that they intended to continue litigating *in state court* even after Appellee proposed to amend to include federal claims. These actions do not speak of a fear of the state forum, but rather an affinity for a federal forum: the exact kind of corporate game-playing that Congress sought to prevent by insisting on prompt, proper removal, and accordingly, courts resolve doubts in favor of remand.

Appellant presents an edited version of events that transpired below, as well as applicable case law, ignoring or mis-stating those details pointing to their errors which mandate affirming the remand of Appellee's state claims to the state court.

First, appeal of remand orders is clearly disfavored in the language of 28 U.S.C. 1447(d), to avoid exactly this type of unnecessary appeal of a collateral issue, particularly when the removal obtained was defective in the first instance.

Second, Appellee's opposition to removal was timely filed, but not timely ruled on. Wells Fargo seeks to present a picture where removal was proper, and all motions properly decided (except, of course, the Order remanding state claims, which is the subject of this appeal). However, Appellant ignores the fact that Mrs. Kakarala *did* timely object to removal, and they responded, but the court did not rule until she obtained counsel, who successfully argued that state law claims

15

should have been remanded had the court timely ruled on her motion for remand.

Third, Wells Fargo waived federal jurisdiction, and ignores the fact that diversity jurisdiction was present within the four corners of the initial pleadings, and ignores the "hornbook" case law that jurisdiction is established by the status of the parties at the start of the case, not later. Wells Fargo falsely claims diversity jurisdiction existed and attached only *after* the case had been removed to federal court, however, diversity jurisdiction was present at the outset, long before Robins Nest was added in Appellee's amended federal Complaint. If Appellant desired a federal forum, they were obligated to remove at the first opportunity, before the state court and the parties invested resources, not simply when it suited them. Appellant contorts the record to try to preserve their improper removal on federal question grounds by saying diversity has now attached. The opposite is true: diversity jurisdiction was available at the outset when initial pleadings were filed Oct.13, 2009, but Wells Fargo *chose not to remove*, thus waiving a federal forum.

Throughout their Opening Brief, Wells Fargo bases their arguments on the time elapsed in federal court, suggesting the case was being actively litigated the entire time, and therefore the resources expended mandate federal jurisdiction over all claims for the sake of judicial economy. The reality is that the District Court did not issue a single order until almost a year after the case was removed, when it

16

dealt with Robins Nest's Motion for Summary Judgment but failed to address the remand motion. The next event was Appellant's Motion to Dismiss on April 18, 2011, which was also not ruled on for over a year. Then, nearly another year passed after the Motion to Alter/Amend Judgment, until the District Court ruled it should have remanded the state claims. Thus, Appellee has not "sat back and waited" (Appellant's Opening Brief (AOB), at 11) as claimed, and the case did not consume significant resources for three years after removal. Further, any resources expended in District Court were improper, in light of the finding that the case should have been remanded, before federal resources were expended; the case was also more actively litigated in state court before removal, including discovery.

In short, removal was improper, no federal jurisdiction was ever properly obtained, and the District Court's remand order is non-reviewable.

## VI.    ARGUMENT

## A.    THE DISTRICT COURT REMAND ORDER IS NON-REVIEWABLE.

Appellee Kakarala asserts that remand orders are not reviewable on appeal, with limited statutory exceptions not applicable here. 28 U.S.C. § 1447(d) states:

> An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise.

Neither Section § 1442 (federal officers, etc.) nor § 1443 (civil rights) apply here.

17

In *Thermtron Prods., Inc. v. Hermansdorfer*, the U.S. Supreme Court held that the restriction on appellate review applies only to remands ordered to address a defect in removal procedure or an absence of subject matter jurisdiction. 423 U.S. 336, 342 (1976), abrogated in part on other grounds by *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996). Despite the express Congressional restriction, the Court has since created other exceptions to review of remand orders, thus opening:

> the docket of the intermediate appellate courts to a variety of new appeals. Defendants who wish to delay litigation on the merits by contesting remand and other collateral orders have shown a marked propensity to exploit opportunities for as-of-right appellate review.

James E. Pfander, <u>Collateral Review of Remand Orders: Reasserting the Supervisory Role of the Supreme Court</u>, 159 U. Pa. L. Rev. 493, 496 (2010).

Congress intended to restrict jurisdiction of the federal courts on removal, and so the statute is strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872 (1941) (superseded by statute on other grounds): *Breuer v. Jim's Concrete of Brevard, Inc*., 538 U.S. 691, 697 (2003)); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). Federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan*, 76 F.3d at 1485; *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). Courts "must consider whether federal jurisdiction exists, even if no objection is made to removal, and even if both parties stipulate to federal

18

jurisdiction." *Rains v. Criterion Systems, Inc.,* 80 F.3d 339, 342 (9th Cir. 1996) (citations omitted); *Porter v. Dir. of Dep't of Corr.* (E.D. Cal., 2013).

The plain language of § 1447(d) precludes review. To the extent *Thermtron* interpreted § 1447(d) to allow some appeals (Appellee respectfully contends that *Thermtron* was erroneously decided along with its progeny), this appeal should be rejected as non-reviewable because the remand "address[es] a defect in removal procedure or an absence of subject matter jurisdiction", and is non-reviewable under *Thermtron.* As explained below, Wells Fargo slept on its right of removal in the first instance in State Court, thus waiving their right to a federal forum, then removed improperly. This also distinguishes *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 640 (2009), where, in contrast, "It [was]undisputed that when [the] case was removed" that the District Court had original jurisdiction.[2] Here, after the District Court was alerted to the error and remanded to State Court as should have been done in the first place when Appellee Kakarala timely objected, Wells Fargo seeks review of the remand. This case underscores the reason for Congressional intent to restrict review of such remand orders. Wells Fargo is manipulating the record to cover its improper and defective removal, and now wastes more resources by appealing a non-reviewable remand order.

2 Insofar as Appellant also cites *Harmstron v. City & County of San Francisco*, 627 F.3d 1273, 1277 (9th Cir. 2010), that case relied on *Carlsbad*, distinguished above, and also does not address defective and improvidently granted removal.

**B.      REMOVAL WAS NOT PROPER:  APPELLANT FAILED TO TIMELY REMOVE BASED ON THE INITIAL PLEADINGS, AND WAS NOT ENTITLED TO A SECOND BITE AT THE REMOVAL APPLE.**

In general, removal statutes are strictly construed against removal. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992). A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability. *Gaus,* 980 F.2d at 566.

The statute which describes the procedure for removal provides one of two thirty-day windows during which a case may be removed: 1) during the first thirty days after the defendant receives the initial pleading or 2) during the first thirty days after the defendant receives a paper from which it may first be ascertained that the case is one which is or has become removable, but **only if the case stated by the initial pleadings is not removable**.  28 U.S.C. § 1446(b); *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 692-695 (9th Cir. 2005).

At all times during the litigation, Wells Fargo has confirmed that the parties were diverse when the action was initiated.  The *pro se* Complaint and related pleadings which Wells Fargo itself chose to answer in State Court, stated that the amount in controversy was over $75,000, and specifically requested damages of $150,000, against one diverse defendant – Wells Fargo. RE 0357, 0474.  *The case*

20

*was removable on the face of the initial pleadings*, and, as the Defendant who desired a federal forum, Wells Fargo was required to seek removal on diversity grounds when it received the initial pleading stating the amount-in-controversy requirement was met, as diversity was present. "Diversity jurisdiction is based on the status of the parties at the outset of the case..." *Harris,* 425 F.3d at 695 (citing *Smith v. Sperling,* 354 U.S. 91, 93, n.1, 77 S.Ct. 1112, 1 L.Ed.2d 1205 (1957).

"As the parties asserting federal court jurisdiction, defendants have the burden of proving that it exists". *Hummel v. Smith*, 2009 WL 3423034 (citing *McNutt v. General Motors Acceptance Corp. of Indiana,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). *Hummel* was the only case cited by Wells Fargo in opposing Appellee's motion for remand. RE 0323. However, instead of supporting their position, *Hummel* clearly supports remand.  In that case, the parties were **not** diverse at the outset, and the initial complaint indicated federal law questions  -- the opposite of the factual situation here.  Here, diversity jurisdiction was clear on the face of the pleadings, and the District Court's remand order expressly stated "this matter should have been remanded to state court".  RE 0001-3. Thus, the motion to remand was far from frivolous, and Wells Fargo is the party guilty of incurring needless costs on Mrs. Kakarala and the judicial system by appealing a proper and non-reviewable remand order.  Indeed, removal was

21

improper and the District Court properly remanded the state claims to State Court.[3]

That Appellee did not argue that removal was improper in her Opposition to the Motion to Dismiss is irrelevant. Whether a district court has jurisdiction can be challenged any time before final judgment. 28 U.S.C. § 1447(c); *Grupo Dataflux v. Atlas Global Group, L. P.*, 541 U. S. 567, 571 (2004); *Mashiri v. Dept. of Educ.,* 724 F.3d 1028, 1031 (9th Cir. 2013). Further, Appellee timely moved for remand to state court, and then repeatedly reminded the Court she was awaiting a ruling, which did not come until years later once the District Court amended the judgment and remanded the state law claims. RE 0001-3, 0277, 0321, 0328 - 0329.

Additionally, the fact Appellee did not specify the legal grounds for remand in her *pro se* opposition to removal is irrelevant. In *Grupo Dataflux*, neither party (both represented) caught the jurisdictional defect until after a jury verdict was rendered and the case went up on appeal to the 5th Circuit. 541 U.S. at 570.

Wells Fargo raises the issue of when subject-matter jurisdiction may be raised, for the assertion that diversity attached *after* removal, requiring the district court to independently evaluate and exercise jurisdiction. (AOB p. 19.) Once

---

3 In fact, the result ostensibly compels remand of all claims, including federal claims if the case should have been remanded because removal was defectively erroneous. If the Court concludes that removal should not have occurred and was improper and that federal jurisdiction was improperly obtained, the entire Motion to Dismiss procedure may have been null and void. Appellee acknowledges that she had asked below that state law claims be remanded, but this Court must still decide whether federal jurisdiction was proper on all claims. *Rains, supra,* at 342.

again, the arguments not only weigh against their position, but confuse the issue of **contesting** jurisdiction with the issue of **asserting** removal jurisdiction. While either party can **contest** whether a court has subject-matter jurisdiction at any time before judgment is final, and the right to contest jurisdiction cannot be waived, Wells Fargo, as the party **asserting** removal jurisdiction, had a duty to promptly remove at the first opportunity in light of initial pleadings as required by 28 U.S.C. § 1446(b), and not only *could*, but *did*, waive their right to **assert** federal jurisdiction by not removing the case in a timely manner. See Section C below.

*Grupo Dataflux* adhered to the time-of-filing rule and distinguished the exception created by *Caterpillar Inc. v. Lewis,* 519 US 61 (1996), which Appellant Wells Fargo relies on heavily in their Opening Brief.

> It has long been the case that "the jurisdiction of the court depends upon the state of things at the time of the action brought." *Mollan* v. *Torrance,* 9 Wheat. 537, 539 (1824). This time-of-filing rule is hornbook law (quite literally) taught to first-year law students in any basic course on federal civil procedure. It measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing—whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal.

*Grupo Dataflux,* 541 U. S. at 570-71 (2004).

Appellant Wells Fargo now claims -- falsely -- that the case only became removable on March 12, 2010, when Appellee listed federal laws and agencies in her proposed amended complaint. In its Notice of Removal, Appellant similarly

23

falsely claimed "The case as stated by Plaintiff's Complaint dated September 18, 2009 was not removable." RE 0335. But, Wells Fargo ignored federal diversity jurisdiction when it received the Oct. 13, 2009 Complaint, and now seeks to invoke it *ex post facto* to compel judgment in their favor. Wells Fargo could – and should – have sought removal on diversity grounds based on the initial October 13, 2009 pleadings, but instead chose to litigate in state court. ***Notably, Appellant removed to federal court only after the state court set a trial date in the case.*** This was before Appellee ever filed any amended Complaint permitted by the state court.

Because Appellant chose to litigate against a diverse party in state court despite the presence of diversity jurisdiction apparent on its face in the October 13, 2009 Complaint (and related Certificate of Compulsory Arbitration), Appellant was not entitled to rely on the other method of removal based on receiving a new paper showing a federal question; that applies **only if the case on the face of the initial pleadings is not removable**. § 1446(b); see generally *Harris*, 425 F.3d at 692-95.

Wells Fargo attempts to deal with the issue of the time-of-filing rule by citing two cases: *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042 (9th Cir. 2000), and *ConnectU LLC v. Zuckerberg*, 522 F.3d 82 (1st Cir. 2008). However, their reliance on these cases is misplaced. In *Chabner*, the amount in controversy was *not* clearly met by the initial pleadings, therefore the court decided

24

that jurisdiction was initially questionable.  There is no such issue here.

In *ConnectU*, the action was originally filed in federal court based on diversity jurisdiction.  Wells Fargo presents an edited version of that case to suit their view and ignores the parts which oppose their position.  Wells Fargo cites the case for the proposition that "no court has ever read the time-of-filing rule to bar a plaintiff from switching jurisdictional horses before any jurisdictional issue has been raised."  However, the omitted remainder of that sentence actually reads: "...abandoning a claimed entitlement to diversity jurisdiction, and substituting a claimed entitlement to federal question jurisdiction." *ConnectU,* 522 F.3d at 92. Here, Wells Fargo *never claimed entitlement to diversity jurisdiction* **before** jurisdiction was disputed.  Only **after** Appellee disputed federal jurisdiction did Wells Fargo claim diversity jurisdiction had thereafter attached.  This was after having foregone their obligation to seek removal based on diversity initially.

Therefore, Wells Fargo never got on the diversity "horse" when it first appeared, but now seeks to do so by selectively editing the record, inserting jurisdictional "horses" *ex-post-facto*.  However, these "horses" cannot be rented from central casting as Wells Fargo is accustomed to doing for their sepia-toned television ads. The picture Wells Fargo tries to present is just as fake as the folksy image of wild-west stagecoaches *in modern day America*, a facade of a behemoth

25

financial institution that, along with others, was found by federal regulators to have engaged in foreclosure improprieties resulting in "unsafe and unsound practices and violations of federal and state laws and requirements."  RE 0067, citing Exec. Summary of the IntraAgency Review of Foreclosure Policies and Practices by the Federal Reserve Board, the Office of the Comptroller of the Currency, and Office of Thrift Supervision, at 2-3, available at www.ots.treas.gov/_files/4900701.pdf.

Wells Fargo cites cases where "federal diversity jurisdiction was initially defective, but in which jurisdiction was cured by the time of final judgment." AOB p.15. These cases are inapposite as there was no defect in federal diversity jurisdiction on the face of the initial pleadings; Appellant just chose not to remove.

Wells Fargo claims the first "paper" they received within the meaning of § 1446(b) was the Motion for Leave to Amend filed March 12, 2010, seeking to add federal claims. RE 0331. However, that part of § 1446 deals with civil actions that *were not removable, or could not have been determined to be removable*, until "an amended pleading, motion, order or other paper" establishes their removability.

> **If the case stated by the initial pleading is not removable**, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

*Pretka v. Kolter City Plaza II, Inc*., 608 F.3d 744, 757 (11th Cir., 2010) (quoting §

1446(b) (emphasis added); see Am. Law Inst., <u>Federal Judicial Code Revision</u> <u>Project</u> (2004), reprinted in 19A Charles Alan Wright et al., <u>Federal Practice and</u> <u>Procedure</u> 373, 657 (4th ed. 2009).

Wells Fargo claims Robins Nest was added Dec. 14, 2009 (AOB, p.3), but they never appeared or were properly added in state court. Appellant only asserts that now to support their claim, but never even acknowledged them as a party until reaching federal court. Even the Notice of Removal represented that Wells Fargo was the only defendant. RE 0463-0464. Wells Fargo never included Robins Nest in distributing pleadings until May 4, 2010, <u>in federal court</u>, opposing remand.

Even if Robins Nest had been added on December 14, 2009, or in March 2010, that does not alter the undeniable fact that the statutory clock for removal starting ticking on October 13, 2009, when the initial pleadings showed complete diversity and an amount in controversy between diverse parties well over $75,000.

Wells Fargo hypocritically tries to paint Appellee as the one manufacturing jurisdiction, and guilty of gamesmanship to change forums. AOB at 18. But, Appellant Wells Fargo is vastly more sophisticated and experienced at litigation, and is the one who wished to change forums. The record shows it was Wells Fargo playing games with jurisdiction to gain an unfair advantage over a *pro se*, foreign-born, small business woman, who desired a state forum.

27

Finally, in deciding the Motion to Alter/Amend the Judgment, the District Court considered the claims and "procedural history of the action," and in ruling on the undecided motion for remand, concluded that "the matter should have been remanded to state court" to consider the state law claims. RE 0002-0003. The claims were valid and amply stated - and supported - to survive dismissal. RE 0014-0021, 0031-39, 0071-82. When federal claims are dismissed, the decision to exercise or to decline supplemental jurisdiction over remaining state-law claims is within the district court's discretion. *Carlsbad Tech., Inc.*, 556 U.S. at 640-641.

## C.    WELLS FARGO WAIVED DIVERSITY JURISDICTION BY FAILING TO REMOVE AT THE FIRST OPPORTUNITY.

The defendant may waive the right to remove to federal court where, after it is apparent that the case is removable, the defendant takes actions in state court that manifest an intent to have the matter adjudicated there, and to abandon the right to a federal forum, such as asserting a counterclaim or engaging in pretrial discovery. 14B *Federal Practice & Procedure,* § 3721, at 363–65; s*ee Baldwin v. Perdue, Inc.*, 451 F.Supp. 373, 375-76 (E.D.Va. 1978); *George v. Al-Saud*, 478 F.Supp. 773, 774 (N.D. Cal.1979). That is what happened here, through Wells Fargo's conduct.

Wells Fargo was served with the initial Complaints filed in Pima County Superior Court on October 2, 2009, and October 13, 2009, and formally answered

the October 13, 2009 Complaint in State Court on November 2, 2009, the operative

Complaint which provided the availability of diversity jurisdiction. RE 0463,

0471-73. ***That Complaint was the initial pleading to which Appellant filed its***

***Answer. Appellant then litigated in the state court into the following year.***

As noted, although Mrs. Kakarala attempted to amend on December 14,

2009, using improper procedure, Wells Fargo moved to strike the December 14,

2009 Amended Complaint. Wells Fargo and the state court ignored the duplicative

Complaint filed on November 2, 2009, ostensibly because it was identical to the

Oct. 13, 2009 Complaint except for listing Robins Nest in the caption (RE 0412 –

0414), or perhaps because it was unauthorized under Ariz. R. Civ. Proc. 15(a).

When Mrs. Kakarala filed a Motion to Amend on March 12, 2010, with

proposed amendments that also listed federal claims for the first time, Wells Fargo

responded, stating that they did not oppose the proposed amendment, and expressly

represented that they intended to file a Motion to Dismiss *in state court*. RE 0456.

Wells Fargo had also engaged in discovery and other litigation pleadings *in state*

*court and litigated from the inception of the case in October 2009 until April 12,*

*2010.* RE 0436 - 442. Wells Fargo obviously had no problem with litigating in state

court against a diverse party until it chose to remove on federal question grounds

*more than six months* after the initial pleadings provided clear diversity grounds for

29

removal.  This case cries out for a reaffirmation of the federal law restricting appeals of remand orders.  The delayed removal was improper and statutorily defective, and the court's Order correcting the situation by remanding state claims to the state court is non-reviewable.  Even if it were, the remand was not an abuse of discretion.  This Court may affirm on any ground finding support in the record.

Finally, new federal law prospectively applicable to cases filed after January 6, 2012 (not directly applicable to this case), evinces a clear federal policy that federal courts should remand state law claims after removal – to be decided by state courts.  28 U.S.C. § 1441(c)(2), amended by 112 P.L. 63.  That occurred here.

## VII.  CONCLUSION

Appellee Anne Kakarala respectfully asks this Court to dismiss the appeal as non-reviewable.  Alternatively, this Court should affirm the Order because Wells Fargo improperly and defectively removed <u>after</u> choosing to litigate in state court despite its legal obligation to remove for diversity jurisdiction when initially presented, thus waiving any federal jurisdiction and a federal forum, including any claim of diversity jurisdiction.  This Court should affirm (and, if required, order all claims remanded if it deems removal and jurisdiction were improperly obtained).

DATED:  Dec. 30, 2013          Respectfully submitted,

s/Vince Rabago, Esq.
VINCE RABAGO LAW OFFICE PLC-*for Appellee*

13-16176

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**WELLS FARGO BANK, N.A.,**

                                        Defendant-Appellant,

**v.**


**ANNE MERCY KAKARALA,**

                                        Plaintiff-Appellee.

## STATEMENT OF RELATED CASES

To the best of our knowledge, there are no related cases.


Dated:  December 30, 2013          Respectfully Submitted,



                              VINCE RABAGO LAW OFFICE PLC



                              s/VINCE RABAGO

                              VINCE RABAGO LAW OFFICE PLC

                              *Attorneys for Plaintiff-Appellee KAKARALA*

## CERTIFICATE OF COMPLIANCE
## PURSUANT TO FED.R.APP.P 32(a)(7)(C) AND CIRCUIT RULE 32-1
## FOR 13-16176

**I certify that:  (check (x) appropriate option(s))**

| | |
|---|---|
| | 1.  Pursuant to Fed.R.App.P. 32(a)(7)(C) and Ninth Circuit Rule 32-1, the attached opening/**answering**/reply/cross-appeal brief is: |
| X | Proportionately spaced, has a typeface of 14 points or more and contains 7,695 words (opening, answering and the second and third briefs filed in cross-appeals must not exceed 14,000 words; reply briefs must not exceed 7,000 words |
| | or is |
| | Monospaced, has 10.5 or fewer characters per inch and contains ____ words or ___ lines of text (opening, answering, and the second and third briefs filed in cross-appeals must not exceed 14,000 words or 1,300 lines of text; reply briefs must not exceed 7,000 words or 650 lines of text). |
| | 2.  The attached brief is **not** subject to the type-volume limitations of Fed.R.App.P. 32(a(7)(B) because |
| X | This brief complies with Fed.R.App.P 32(a)(1)-(7) and is a principal brief of no more than 30 pages or a reply brief of no more than 15 pages. |
| | or |
| | This brief complies with a page or size-volume limitation established by separate court order dated _____ and is |
| | Proportionately spaced, has a typeface of 14 points or more and contains _____ words, |
| | or is |
| | Monospaced, has 10.5 or fewer characters per inch and contains __ pages or __ words or __ lines of text. |
| | 3.  Briefs in **Capital Cases**. This brief is being filed in a capital case pursuant to the type-volume limitations set forth at Circuit Rule 32-4 and is |
| | Proportionately spaced, has a typeface of 14 points or more and contains _____ words (opening, answering and the second and third briefs filed in cross-appeals must not exceed 21,000 words; reply briefs must not exceed 9,800 words). |
| | or is |

|  | Monospaced, has 10.5 or fewer characters per inch and contains __ words or __ lines of text (opening, answering, and the second and third briefs filed in cross-appeals must not exceed 75 pages or 1,950 lines of text; reply briefs must not exceed 35 pages or 910 lines of text). |
|  | 4. **Amicus Briefs**. |
|  | Pursuant to Fed.R.App.P 29(d) and 9th Cir.R. 32-1, the attached amicus brief is proportionally spaced, has a typeface of 14 points or more and contains 7,000 words or less, |
| or is | |
|  | Monospaced, has 10.5 or few characters per inch and contains not more than either 7,000 words or 650 lines of text, |
| or is | |
|  | Not subject to the type-volume limitations because it is an amicus brief of no more than 15 pages and complies with Fed.R.App.P. 32 (a)(1)(5). |

12/30/2013                          s/ Vince Rabago
_____         _____
            Dated                   Vince Rabago

                                    VINCE RABAGO LAW OFFICE

13-16176

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 30, 2013, a copy of the foregoing APPELLEE'S ANSWERING BRIEF was served via CM/ECF or email on the following:

Andrew M. Jacobs, Esq.
Snell & Wilmer LLP
One South Church Avenue, Suite 1500
Tucson, AZ 85701-1630
Telephone: (520) 882-1200
Facsimile: (520) 884-1294
ajacobs@swlaw.com

Jessica E. Yates, Esq.
Snell & Wilmer LLP
1200 Seventeenth Street, Suite 1900
Denver, Colorado 80202
Telephone: (303) 634-2000
Facsimile: (303) 634-2020
jyates@swlaw.com

Gregory J. Marshall
Snell & Wilmer LLP
One Arizona Center
400 East Van Buren Street
Phoenix AZ 85004
gmarshall@swlaw.com

**Attorneys for Defendant/Appellant WELLS FARGO BANK, N.A.**

Dated:  December 30, 2013          s/Vince Rabago

                                    VINCE RABAGO LAW OFFICE PLC

                                    *Attorney for Plaintiff-Appellee KAKARALA*