No. 13-16176

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

---

WELLS FARGO BANK, N.A.,
*Defendant-Appellant,*

v.

ANNE MERCY KAKARALA,
*Plaintiff-Appellee.*

---

On Appeal from the United States District Court
for the District of Arizona

The Honorable Judge Frank R. Zapata
USDC Case No. 4:10-cv-00208-FRZ

---

**APPELLANT'S REPLY BRIEF**

---

Andrew M. Jacobs
Snell & Wilmer L.L.P.
One South Church Avenue, Suite 1500
Tucson, Arizona 85701-1630
Telephone: (520) 882-1200
Facsimile: (520) 884-1294
ajacobs@swlaw.com

Jessica E. Yates
Snell & Wilmer L.L.P.
1200 Seventeenth Street, Suite 1900
Denver, Colorado 80202
Telephone: (303) 634-2000
Facsimile: (303) 634-2020
jyates@swlaw.com

Attorneys for Appellant Wells Fargo Bank, N.A.

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................1

II.   RESPONSE TO KAKARALA'S STATEMENT OF FACTS ....................2

    A.   Wells Fargo Replies To Clarify the Long Chain of Events Surrounding Kakarala's Many Filings .................................2

    B.   During the Year After Wells Fargo Removed this Case, Kakarala, Proceeding Pro Se, Consistently Failed To Object to the Timeliness of Wells Fargo's Removal ...........................4

    C.   After Obtaining Counsel, Kakarala Again Failed To Argue That Wells Fargo's Removal Had Been Untimely, Before Finally Making That Argument in This Court ...............................7

III.  ARGUMENT.............................................................9

    A.   Because the Erroneous Remand Here Was Based Upon the District Court's Decision Not To Exercise Supplemental Jurisdiction, this Court May Review the Error ....................9

    B.   Kakarala Has Waived Any Argument That Wells Fargo's Removal Was Untimely ...............................................11

        1.   The Law Is Clear that Kakarala Could Waive Her Newly Minted Objection To Removal, and She Did So By Failing To Object to That Supposed Defect Within 30 Days of That Removal ...........................................11

        2.   Even if Kakarala Could Have Cured The Deficiencies in Her "Opposition To Removal," She Waived Any Opportunity to Do So..............................................16

    C.   Kakarala's Argument Fails Because Her Amended Complaint Cut Off The Removability Of Her Initial Complaint, And Wells Fargo Timely Removed Her Later, Removable Pleading.................18

        1.   Kakarala's November 2, 2009 Amended Complaint Made Her Initial Complaint Non-Removable .........................18

        2.   Wells Fargo Timely Removed Kakarala's Federal Question Complaint ..............................................21

# TABLE OF CONTENTS
### (continued)

**Page**

D.     Kakarala Cannot Dispute That the District Court Had Subject Matter Jurisdiction at Entry of Final Judgment, and Thus Had Jurisdiction To Enter Judgment on the State Law Claims .................25

E.     Kakarala Also Does Not Rebut Wells Fargo's Argument That the Trial Court's Remand Order Was an Abuse of Discretion Under Carnegie-Mellon ......................................................................27

IV.     CONCLUSION .............................................................................28

CERTIFICATE OF COMPLIANCE ......................................................29

# TABLE OF AUTHORITIES

**Page**

## CASES

*Andreas v. Cate*,
465 Fed. App'x 680 (9th Cir. 2012) ................................................. 14

*Animal Prot. Inst. of Am. v. Hodel*,
860 F.2d 920 (9th Cir. 1988) ......................................................... 10

*Bezy v. Floyd County Plan Comission*,
199 F.R.D. 308 (S.D. Ind. 2001) ................................................... 23

*Carlsbad Tech. Inc. v. HIF Bio, Inc.*,
556 U.S. 635 (2009) ...................................................................... 9

*Carnegie-Mellon University v. Cohill*,
484 U.S. 343 (1988) ................................................................. 1, 27

*Caterpillar, Inc. v. Lewis*,
519 U.S. 61 (1996) ................................................................. 25, 26

*City of Joliet, Ill. v. New W., L.P.*,
562 F.3d 830 (7th Cir. 2009) ......................................................... 26

*Destfino v. Reiswig*,
630 F.3d 952 (9th Cir. 2011) ......................................................... 22

*Freeman v. Blue Ridge Paper Prods., Inc.*,
551 F.3d 405 (6th Cir. 2008) ......................................................... 23

*Freeman v. Package Mach. Co.*,
865 F.2d 1331 (1st Cir. 1988) ........................................................ 18

*Graphic Scanning Corp. v. Yampol*,
677 F. Supp. 256 (D. Del. 1988) ..................................................... 23

*Grupo Dataflux v. Atlas Global Group, L.P.*,
541 U.S. 567 (2004) ............................................................... 14, 15

*Harmston v. City & County of San Francisco*,
627 F.3d 1273 (9th Cir. 2010) ........................................................ 9

*Harris v. Bankers Life & Cas. Co.*,
425 F.3d 689 (9th Cir. 2005) ......................................................... 20

*In re Chesnut*,
356 Fed. App'x 732 (5th Cir. 2009) ................................................. 17

*Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*,
346 F.3d 1190 (9th Cir. 2003) ............................................. 10, 11, 27

*Lewis v. Circuit City Stores, Inc.*,
500 F.3d 1140 (10th Cir. 2007) ...................................................... 18

*Lively v. Wild Oats Markets, Inc.*,
456 F.3d 933 (9th Cir. 2006) ......................................................... 11

*Lucente S.P.A. v. Apik Jewelry, Inc.*,
CV-07-04005 MMM RZX, 2007 WL 7209938 (C.D. Cal. Oct. 3, 2007) .. 23, 24

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Maniar v. F.D.I.C.*,
  979 F.2d 782 (9th Cir. 1992) ..............................................10, 11, 27

*Mendoza v. Fed. Nat. Mortgage Ass'n*,
  469 Fed. App'x 544 (9th Cir. 2012) ......................................10

*Moffitt v. Residential Funding Co., LLC*,
  604 F.3d 156 (4th Cir. 2010) ................................................26

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
  526 U.S. 344 (1999) ..............................................................21, 22, 24

*N. California Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*,
  69 F.3d 1034 (9th Cir. 1995) ................................................11, 12, 16

*Pierpoint v. Barnes*,
  94 F.3d 813 (2d Cir. 1996) ...................................................12

*Santiago v. Tri City Med. Ctr.*,
  10CV1194 NLS, 2010 WL 4316959 (S.D. Cal. Oct. 25, 2010)........23

*Sullivan v. Conway*,
  157 F.3d 1092 (7th Cir. 1998) ..............................................23

*Torres v. Chevron U.S.A., Inc.*,
  C 04-2523 SBA, 2004 WL 2348274 (N.D. Cal. Oct. 18, 2004) ......23

*United States v. Bethea*,
  388 Fed. App'x 20 (2d Cir. 2010) .........................................14

*United States v. Marino*,
  617 F.2d 76 (5th Cir. 1980) ..................................................17

*Vasquez v. N. Cnty. Transit Dist.*,
  292 F.3d 1049 (9th Cir. 2002) ..............................................12

*Wallace v. Microsoft Corp.*,
  596 F.3d 703 (10th Cir. 2010) ..............................................24

*Wilcox v. C.I.R.*,
  848 F.2d 1007 (9th Cir. 1988) ..............................................14

*Williams v. Costco Wholesale Corporation*,
  471 F.3d 975 (9th Cir. 2006) ................................................25

*Zizi v. Republic Mortgage, LLC*,
  2:12-CV-00018-GMN, 2013 WL 1249654 (D. Nev. Mar. 27, 2013)..............17

## STATUTES

28 U.S.C. § 1331 ....................................................................24

28 U.S.C. § 1446 ............................... 14, 15, 19, 20, 21, 22, 23

28 U.S.C. § 1447 ............................... 10, 11, 12, 13, 20

# TABLE OF AUTHORITIES
(continued)

**Page**

## RULES

Ariz. R. Civ. Proc. 6(e) ..............................................................24

Ariz. R. Civ. P. 15(a) ................................................................19

F.R.A.P. 32(a)(7)(c) ..................................................................29

Fed. R. Civ. P. 6(a)(1)(C) .........................................................25

Fed. R. Civ. P. 11 .....................................................................20

## OTHER AUTHORITIES

32A Am. Jur. 2d Federal Courts § 1449 ...................................19

# I.    INTRODUCTION

Wells Fargo should prevail in this appeal, because Kakarala places most of her weight on an argument that she has waived – the suggestion that Wells Fargo's removal of this case to the district court was untimely.  Even if that argument were somehow not waived, Wells Fargo timely removed the relevant pleading among the host of pleadings Kakarala had filed in the Arizona state court.  For these reasons, this Court should reverse and remand this case to the district court to reinstate judgment for Wells Fargo on all claims.

At the outset, it is important to realize that Kakarala does not rebut Wells Fargo's argument that the district court had diversity jurisdiction and thus was required to decide the state law claims in her case, or in the alternative, that the district court abused its discretion under the factors set forth in *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988), by remanding already-decided state law claims.

Rather, Kakarala contends that Wells Fargo's removal was untimely, such that the district court lacked jurisdiction.  But this Court has made clear that an untimely removal is not a jurisdictional defect and that a party can waive any objection to removal if – like Kakarala – they fail to assert it.  Kakarala never argued below that Wells Fargo's removal was untimely.  And in any event, Wells Fargo's removal was not untimely, as Wells Fargo was not obligated to try to

1

remove Kakarala's first complaint given that she amended her complaint to add a non-diverse party before the 30-day removal period had run. Attempting to overcome these fatal defects in her argument, Kakarala mischaracterizes key parts of the record. All of her other arguments rely on the erroneous premise that the federal district court somehow never had jurisdiction over this case to begin with. Because she is wrong about that, her arguments all fail. Like the district court, this Court has jurisdiction. This Court should use that jurisdiction and hold that the district court erred by remanding part of this already-concluded case to state court.

## II.     RESPONSE TO KAKARALA'S STATEMENT OF FACTS

### A.     Wells Fargo Replies To Clarify the Long Chain of Events Surrounding Kakarala's Many Filings.

If Kakarala's waiver of her objection to Wells Fargo's removal does not decide this appeal, it will then be important to parse closely the chain of events surrounding Kakarala's many filings in the Arizona state court. Wells Fargo replies here to clarify many of the statements in Kakarala's response, some of which are materially inaccurate. First off, Kakarala is right that her September 18, 2009 complaint was deemed filed on October 2, 2009. (Ans. Br. at 3, n.1.) The Arizona state court issued a summons on October 2, 2009. (Vol. 3, RE0351.) Kakarala correctly notes that there was a basis for diversity jurisdiction at the outset of this matter as between Kakarala and Wells Fargo – though she would destroy it by a later filing.

Wells Fargo received the October 2 complaint by personal service on October 7, 2009, as shown by the "received" stamp on the filed document. (*Id.*) Nothing of record suggests that Wells Fargo was served with Kakarala's complaint any earlier. The Certificate of Compulsory Arbitration that Kakarala filed on October 2, 2009 was not received by Wells Fargo until October 8, 2009, as shown by the facsimile tag line on the filed document. (Vol. 3, RE0357.) Kakarala's statement that "Wells Fargo apparently received" the summons on October 2, 2009 (Ans. Br. at 3) is incorrect and not supported by the record.

The facts surrounding Kakarala's flurry of amended complaints require clarification. Kakarala filed one amended complaint on October 13, 2009. (Vol. 3, RE0359.) Kakarala then filed another amended complaint on November 2, 2009, adding nondiverse Arizona resident Robin's Nest Properties LLC ("Robin's Nest") to the case, before filing yet another amended complaint on December 14, 2009. (Vol. 3, RE0364-0368, RE0470.) Kakarala concedes that Robin's Nest was nondiverse. She only argues that Wells Fargo may not have believed that her November 2, 2009 amendment was made properly – oddly citing to Wells Fargo's successful motion to strike the December 14, 2009 amended complaint. (Ans. Br. at 4-5, 29.) Given that Wells Fargo's motion to strike was not directed at the November 2, 2009 complaint, Kakarala's observation is not well-taken. (Vol. 3,

3

RE0412-414.)  More importantly, the district court assumed that Robin's Nest had been part of the case since November 2, 2009.  (RE 0156.)  It is undisputed that the November 2, 2009 complaint naming Robin's Nest remained in the record and on the docket.

**B.    During the Year After Wells Fargo Removed this Case, Kakarala, Proceeding *Pro Se*, Consistently Failed To Object to the Timeliness of Wells Fargo's Removal.**

On April 7, 2010, the Arizona state court granted Kakarala leave to amend her complaint to assert several federal claims.  On April 12, 2010, Wells Fargo filed a notice of removal.  (Vol. 3, RE0355.)  Kakarala now contends that she filed a motion to remand on April 20, 2010.  (Ans. Br. at 8.)  Yet that is not what she called it at the time.  Her filing was entitled "Opposing Removal."  (Vol. 3, RE 0328-329.)  The text of "Opposing Removal" makes no legal arguments, and never says the notice of removal was untimely.  (See Ans. Br. at 8)  Wells Fargo answered "Opposing Removal" on May 4, 2010, noting that the filing was "devoid of any legal argument favoring remand."  (Vol. 3, RE0322-324.)  Kakarala did not reply in support of "Opposing Removal."

Kakarala now tells this Court that her motion to amend filed on May 10, 2010, in federal court was "conditional on whether jurisdiction would be retained in federal court."  (Ans. Br. at 9.)  That description is not accurate.  Her motion actually stated:  "Anne Mercy Kakarala comes before this Court and requests

4

permission to amend her new complaint in addition to the old one as new material facts were found in the case. This request is made if the case was retained by order of judge in district court as I already requested to move back my case to the superior court." (Vol. 3, RE0320.) Kakarala's motion to amend, previously granted by the state court before removal, was also not conditioned on which court would have jurisdiction. (Vol. 3, RE0449.)

Kakarala's response seeks to reinvent a reply brief as a restatement of her supposed objection to Wells Fargo's removal. Her response claims: "On June 1, 2010, Appellee Kakarala filed a reply to Wells Fargo's opposition to her amending her complaint," in which she supposedly explained "that she was still waiting for the federal court to rule on her opposition to removal, and asked that the amendment be allowed in light of the fact that the District Court had still not yet ruled on her motion to remand to state court." (Ans. Br. at 10, citing RE0277-278.) Yet Kakarala's June 1, 2010, filing says nothing about her opposition to removal. To the contrary, it merely says: "Anne Mercy Kakarala, comes before this Court and requests permission to amend her complaint. Proposed amended complaint was attached. In this proposed amended complaint, facts of the case are discussed in detail." As of June 1, 2010, Kakarala assumed that her case would be litigated in federal court and did not ask the court to rule on her "Opposition to Removal."

5

Kakarala's further filings were not consistent with her contention that she previously objected to removal as untimely. She filed a *pro se* letter on February 17, 2011, "requesting the court to look into her case as her case was pending for long time," noting that the case had been removed to federal court on April 12, 2010. (Vol. 2, RE0162-164.) Kakarala spent three-and-a-half pages outlining her substantive complaints but failed to note any pending motion for remand or any argument that Wells Fargo's removal was untimely.

Finally, on March 30, 2011, the district court entered an order resolving several pending motions. (Vol. 2, RE0156-0161.) The court observed that Kakarala's "Request for Default Judgment" was filed with "no legal or procedural basis" and her "Statement of Facts to Support in Motion for Summary Judgment" was "not a properly filed motion for summary judgment and shall not be treated by the Court as such." (Vol. 2, RE0158.) The court then granted Robin's Nest's motion for summary judgment. (Vol. 2, RE0159.) The court admonished Kakarala that "although she is proceeding pro se, she is nevertheless bound by and must follow the rules of procedure that govern as set forth in this order. Any incessant filings outside the scope of the procedural requirements will not be considered and will be ordered stricken from the record." (Vol. 2, RE0160.)

**C.** **After Obtaining Counsel, Kakarala Again Failed To Argue That Wells Fargo's Removal Had Been Untimely, Before Finally Making That Argument in This Court.**

One year after Wells Fargo removed the case, Kakarala was able to obtain counsel, who entered his appearance on May 4, 2011. (Vol. 2, RE0087.) Counsel promptly requested an extension of time to file an opposition to Wells Fargo's motion to dismiss. (Vol. 2, RE0084.) On May 26, 2011, Kakarala filed a lengthy opposition to the motion to dismiss. (Vol. 2, RE0066-RE0082.) Now represented, Kakarala did not argue that Wells Fargo's notice of removal was untimely, or that the motion to dismiss was based on a conditionally-filed complaint.

The alleged failure of the district court to rule on Kakarala's "Opposition to Removal" was first noted by her counsel in a May 25, 2012, Rule 59 motion to alter or amend the judgment after the district court granted Wells Fargo's motion to dismiss. (Vol. 2, RE0031.) Even then, Kakarala did not argue that Wells Fargo's notice of removal was untimely, nor did she request a ruling on her opposition to removal. Instead, the only references to that opposition were effectively parentheticals: "the Court should have remanded pend[e]nt state law claims for such claims to be decided by the state court instead of ruling on the merits of such state law claims, and should [have] remanded state law claims back to state court, especially since Plaintiff proposed removal and filed a timely opposition which has

7

not yet been decided" (Vol. 2, RE0031); and "Plaintiff filed a timely opposition to removal on April 29, 2010, which was never ruled upon" (Vol. 2, RE0032).

Once again, Kakarala sought no relief based on her "opposition which has not yet been decided." Instead, her Rule 59 motion argued that the district court should not have granted Wells Fargo's motion to dismiss because: (1) Kakarala's allegations should have been construed even more liberally than the normal *pro se* plaintiff given that her native language is not English and she may have justifiably relied on the alleged oral representations of Wells Fargo; (2) the HUD regulations forming the basis of one of the claims were incorporated into the deed of trust, so that violating the regulations would give rise to a private right of action; and (3) the court should have remanded the supplemental state law claims rather than decide them. (Vol. 2, RE0031-0038.)

The district court agreed with the last argument, and remanded the state law claims, even though Kakarala had not raised the argument in opposing the motion to dismiss. The district court's order granting in part the Rule 59 motion declined to change its judgment as to the federal law claims, but concluded that "Plaintiff has presented a plausible argument that this matter should have been remanded to state court for consideration of the state law claims as presented on the merits," and that "Plaintiff now has the benefit of the representation of counsel to present her state law claims." (Vol. 1, RE0002-0003.) There is no basis for concluding, as

8

Kakarala now asserts (Ans. Br. at 28), that the court's order was actually a "ruling on the undecided motion for remand."

## III.   ARGUMENT

### A.   Because the Erroneous Remand Here Was Based Upon the District Court's Decision Not To Exercise Supplemental Jurisdiction, this Court May Review the Error.

Kakarala mischaracterizes the district court's remand decision, which was not based on lack of subject matter jurisdiction but rather upon a determination that the state law claims "plausibly" were more appropriate for state court determination.  Indeed, the court's remand order was in response to Kakarala's Rule 59 motion, which did not argue that there was a lack of subject matter jurisdiction, only that an Arizona state court should be permitted to decide the state law claims.  (Vol. 2, RE0066-RE0083.)  If the district court truly believed it lacked subject matter jurisdiction, it would have been required to remand federal claims too, not just the state law claims.  Therefore, the bar of judicial review within 28 U.S.C. § 1447(d) does not apply.

Kakarala does not dispute that *Carlsbad Tech. Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 641 (2009), and *Harmston v. City & County of San Francisco*, 627 F.3d 1273, 1277 (9th Cir. 2010), allow this Court to review a remand order that is based on something other than lack of subject matter jurisdiction.  She merely contends that those cases did not concern untimely removal, which is an immaterial distinction.

Untimely removal does not deprive a court of subject matter jurisdiction; it is merely a procedural defect under 28 U.S.C. § 1447(c). *See Maniar v. F.D.I.C.*, 979 F.2d 782, 784-85 (9th Cir. 1992) ("untimely removal is a procedural defect and not jurisdictional"); *see also Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.,* 346 F.3d 1190, 1192-93 (9th Cir. 2003) (in holding that "the district court cannot remand *sua sponte* for defects in removal procedure" under § 1447(c), "[s]ubject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction. In contrast, procedural requirements exist primarily for the protection of the parties. Like personal jurisdiction, they can be waived."); *Mendoza v. Fed. Nat. Mortgage Ass'n*, 469 Fed. App'x 544 (9th Cir. 2012) ("the district court's remand for waiver of a right to remove is not within the ambit of the § 1447(d) bar").[1]

Therefore, the district court's order remanding the case – which says nothing about subject matter jurisdiction – cannot somehow be construed as a remand for lack of subject matter jurisdiction, regardless of whether removal was timely, and this Court has jurisdiction to review that order.

---

[1] Similarly, Kakarala cannot be entitled to a remand of federal law claims (Ans. Br. at 22 and 30), even if this Court were to conclude that there were procedural defects in removal for which she had somehow preserved a specific objection. Such defects would not be jurisdictional. Kakarala did not cross-appeal, and is thus not entitled to such affirmative relief regarding the federal claims that were dismissed below. *See Animal Prot. Inst. of Am. v. Hodel*, 860 F.2d 920, 928 (9th Cir. 1988).

**B.    Kakarala Has Waived Any Argument That Wells Fargo's Removal Was Untimely.**

Even if Wells Fargo's removal was untimely, which Wells Fargo disputes, Kakarala did not object on grounds of untimeliness within 30 days of removal, and thus waived any such argument on appeal.  To the extent she believes that her "opposition to removal" should have been construed as an objection to timeliness, she never took that position in the district court, again waiving the argument she now presses.

**1.    *The Law Is Clear that Kakarala Could Waive Her Newly Minted Objection To Removal, and She Did So By Failing To Object to That Supposed Defect Within 30 Days of That Removal.***

Kakarala was required to raise any objections to Wells Fargo's removal within thirty days but failed to do so.  Untimely removal is not jurisdictional and can be waived in this manner.  *See Maniar*, 979 F.2d at 784-85; *Kelton Arms Condo. Owners Ass'n,* 346 F.3d at 1192-93.  Under 28 U.S.C. §1447(c), a party has 30 days to move for remand based on a procedural defect of a removal.  After that, the party cannot object.  *See also N. California Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co*., 69 F.3d 1034, 1038 (9th Cir. 1995) ("The statutory purpose served by requiring defects in removal procedure to be raised promptly would be defeated if a party were free to raise such a procedural defect more than 30 days after the filing of the notice of removal."); *see also Lively v.*

*Wild Oats Markets, Inc.,* 456 F.3d 933, 939 (9th Cir. 2006) (explaining construction of §1447(c) after 1996 amendments, "by substituting 'defect other than lack of subject matter jurisdiction' for 'defect in removal procedure,' Congress sought to ensure that even the 'more substantive' removal defects, such as § 1441(b) violations, were subject to the 30-day time limit"); *Vasquez v. N. Cnty. Transit Dist.*, 292 F.3d 1049, 1062 (9th Cir. 2002) ("By failing to object in a timely manner to federal jurisdiction, the other parties waived their right to remand . . ."); *Pierpoint v. Barnes*, 94 F.3d 813, 818 (2d Cir. 1996) ("The purpose of the amendment [of § 1447(c)], was to avoid late-game forum shopping by plaintiffs by imposing a 30-day limit to ensure that improperly removed matters (excepting those where the court lacks subject matter jurisdiction) would be remanded early in the proceeding or not at all.").

Not only does an objection to removal need to be made within 30 days, but the ***specific*** procedural defect also must be identified within that time frame to comply with 28 U.S.C. § 1447(c). In *Northern California District Council of Laborers*, this Court held that an objection to removal was untimely even though the remand motion was filed within 30 days after removal, because that motion was based solely on an argument regarding a contractual forum selection clause, and the party "did not raise a defect in removal procedure as a ground for remand until they filed a reply brief more than 30 days after the filing of the removal

12

petition." 69 F.3d at 1037. This Court held that "§ 1447(c) prohibits a defect in removal procedure from being raised later than 30 days after the filing of the notice of removal, regardless of whether a timely remand motion has been filed." *Id.* at 1038. The initial objection to removal, although timely, did not comply with § 1447(c) because it did not identify a defect in removal. *See id.*

Kakarala filed an "opposition to removal" within 30 days of Wells Fargo's removal that stated as follows:

> I am requesting the Court to deny this filing because this case was handled by Superior Court since September 2009 and as the case details are material to the case then were amended. Wells Fargo Bank does not like the outcome of amended case approval, they are removing from Superior Court to cause more delay and pain to me. Please stop this injustice and order to continue my case in Superior Court. I will more details and continue to oppose this action which is causing me more financial and technical problems.

(Vol. 3, RE0328-329.)

Kakarala's response tries and fails to recharacterize this "opposition to removal" as an objection based on untimeliness – which it manifestly was not. The only reference in it to timing was a statement that the case had been pending for a number of months already in state court. (Vol. 3, RE0328-0329.) While true, that did not put the district court on notice of untimeliness. For one thing, a plaintiff's new federal law claims can create federal subject matter jurisdiction in a case that has been pending for over a year in state court, in contrast to a removal of a case based on diversity, which generally may only be removed during the first year after

13

commencement of the action. *See* 28 U.S.C. § 1446(c). Kakarala's case had only been pending in state court for seven months when it was removed on federal question grounds, so even if the basis for removal was diversity jurisdiction, her complaint that the action had been pending "since September 2009" did not on its face suggest untimely removal, and cannot be construed as a motion to remand on that basis.

Kakarala on appeal invokes her *pro se* status below as grounds for interpreting her opposition as an argument for untimely removal. While courts construe *pro se* pleadings liberally, they cannot supply arguments for *pro se* parties. *United States v. Bethea*, 388 Fed. App'x 20, 21 (2d Cir. 2010) ("although we construe *pro se* submissions liberally, we do not create arguments out of whole cloth"); *see also Andreas v. Cate*, 465 Fed. App'x 680 (9th Cir. 2012) (stating in *pro se* appeal that Court "will not manufacture arguments for an appellant"); *Wilcox v. C.I.R.*, 848 F.2d 1007, 1008 n.2 (9th Cir. 1988) (declining to reach arguments *pro se* party did not brief).

Kakarala misses the mark in arguing for a contrary rule with reference to *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567 (2004). Citing *Grupo Dataflux*, she argues that "the fact that Appellee did not specify the legal grounds for remand in her *pro se* opposition to removal is irrelevant." (Ans. Br. at 22.) *Grupo Dataflux* – which is not even a removal case – stands for no such a

14

proposition. In it, a plaintiff filed suit in federal court even though diversity jurisdiction was absent, and after it attempted to cure by changing its corporate citizenship mid-case, the defendant moved for lack of jurisdiction before entry of judgment. Kakarala is wrong to suggest that the represented parties in that case failed to notice the defect until appeal (Ans. Br. at 22), as the defendant moved for judgment for lack of jurisdiction before judgment. *Id.* at 569. In any event, the Supreme Court held that plaintiff's maneuver could not cure a defect in subject matter jurisdiction that existed at the time of their filing. *Id.* at 575.

*Grupo Dataflux* does not apply here. First, as already noted, untimeliness in removal is not jurisdictional, and under 28 U.S.C. 1446(c), a party must object to untimeliness within 30 days. So untimeliness in removal cannot be compared to a belated realization of a jurisdictional defect, particularly given that courts are authorized to *sua sponte* review jurisdiction. Indeed, *Grupo Dataflux* drew a distinction between jurisdictional defects and failures to comply with the removal statute. Second, subject matter jurisdiction in *Grupo Dataflux* had been based on diversity, which needed to be evaluated at the time of filing to evaluate jurisdiction fairly. Wells Fargo, on the other hand, invoked federal question jurisdiction in its removal, and certainly never changed its citizenship to invoke federal jurisdiction. Thus, Kakarala waived its new argument of allegedly untimely removal by not timely raising it within 30 days of Wells Fargo's removal.

15

> **2.** ***Even if Kakarala Could Have Cured The Deficiencies in Her "Opposition To Removal," She Waived Any Opportunity to Do So.***

Kakarala waived her right to object to Wells Fargo's removal not once but twice. As just discussed, under *Northern California District Council of Laborers*, 69 F.3d at 1037, Kakarala's failure to assert a specific procedural defect in her "opposition to removal" could not be cured more than 30 days after removal. Yet even setting that aside, a second waiver occurred when Kakarala retained counsel, who pointed out to the court that the "opposition to removal" had not been ruled upon in opposing Wells Fargo's motion to dismiss, but did not ask the court to rule on it, and never characterized the opposition to removal as one based on untimeliness. Kakarala never articulated until her response the basis for that opposition to removal. Now it is too late.

Kakarala's waiver is clear in her failure to comply with the District of Arizona's LRCiv 7.2(l). If she thought her "opposition to removal" was a pending motion, she was required by rule to raise it to the court within 180 days of filing it:

> (l) Pending Motions Notification. Whenever any motion or other matter has been taken under advisement by a District Judge or Magistrate Judge for more than one hundred and eighty (180) days, the attorneys of record in the case shall inquire of the Court, in writing, as to the status of the matter.

*Id.* Local rules like these provide "the proper mechanism by which counsel may bring pending matters to the Court's attention to verify that the pending motion has

not been miscategorized or otherwise 'fallen through the cracks.'" *Zizi v. Republic Mortgage, LLC*, 2:12-CV-00018-GMN, 2013 WL 1249654 (D. Nev. Mar. 27, 2013) (describing analogous local rule); *cf. United States v. Marino*, 617 F.2d 76, 84 (5th Cir. 1980) (parties waived issue when "trial court openly inquired as to what matters were pending and no effort was made to call its attention to a pending motion for dismissal"). Kakarala filed a *pro se* letter on February 17, 2011, "requesting the court to look into her case as her case was pending for long time," noting that the case had been removed to federal court on April 12, 2010, but failed to bring to the court's attention any pending motion for remand or any argument that Wells Fargo's removal was untimely. (Vol. 2, RE0162-164.) Had Kakarala requested a ruling on the issue of untimely removal, Wells Fargo could have briefed the issue, and the district court could have decided it. But she did not.

Having caused any objection to "fall through the cracks" – thus disserving the considerations of efficiency and early resolution of such questions that support the rule of waiver here – Kakarala cannot simply raise this issue anew in her response. Her failure to set the issue of an allegedly untimely removal squarely before the district court prior to the entry of final judgment constitutes waiver on appeal. *See, e.g., In re Chesnut*, 356 Fed. App'x 732, 740 (5th Cir. 2009) (party cannot come to Court of Appeals seeking adjudication of issues that could have been determined by lower court but for which party "sat back and said nothing");

17

*Lewis v. Circuit City Stores, Inc.*, 500 F.3d 1140, 1149-50 (10th Cir. 2007) (holding that party's failure to adequately object constituted waiver and party was estopped from arguing about enforceability of arbitration agreement or arbitrator's lack of authority on appeal); *Freeman v. Package Mach. Co.*, 865 F.2d 1331, 1337-38 (1st Cir. 1988) (where "appellant's pretrial assertions were couched in sweeping generalities," and "it was by no means clear" whether appellant had a continuing objection to certain evidence at trial, appellant waived its right to raise issue on appeal).

Accordingly, Kakarala first waived the objection to removal by failing to oppose on the specific basis of untimeliness within 30 days of removal. Even if her deficient "opposition to removal" could be cured beyond that 30-day period, Kakarala waived any opportunity to do so by not asking the district court to rule on that opposition as a motion for remand due to untimeliness. On the basis of either waiver, Wells Fargo's allegedly untimely removal cannot be raised as a basis to affirm. This Court should reverse.

**C.     Kakarala's Argument Fails Because Her Amended Complaint Cut Off The Removability Of Her Initial Complaint, And Wells Fargo Timely Removed Her Later, Removable Pleading.**

### 1.     *Kakarala's November 2, 2009 Amended Complaint Made Her Initial Complaint Non-Removable.*

As explained above, Wells Fargo received Kakarala's initial complaint on October 7, 2009, meaning it had 30 days from then to remove, or until November

6, 2009.  28 U.S.C. § 1446(b)(1).  Yet on November 2, 2009, four days before that period was to expire, Kakarala filed an amended complaint adding Robin's Nest as a non-diverse party, eliminating diversity jurisdiction and making the case non-removable.  *See* 32A Am. Jur. 2d Federal Courts § 1449 ("As the right of removal is to be determined by the pleadings as they stand at the time when the notice of removal is filed, if the plaintiff has filed an amended complaint prior to the time of a filing for removal, it is to the amended rather than the original complaint that the court must look to determine removability.").

Remarkably, Kakarala now suggests that her November 2, 2009 amended complaint was effectively a legal nullity that somehow would not have cut off removability, since Kakarala had already filed an amended complaint as of right under Ariz. R. Civ. P. 15(a) and did not move for leave to amend.  (Ans. Br. at 4-5, 29.)  This argument is not only unreasonable on its face, but is entirely inconsistent with how Kakarala conducted the case.  Kakarala assumed that she had made non-diverse Robin's Nest part of the case, filing an affidavit of service of that November 2, 2009 complaint.  (Vol. 3, RE0375.)  The district court likewise assumed that the November 2, 2009 complaint effectively added Robin's Nest, something Kakarala did not dispute below.  (Vol. 2, RE0156.)  Kakarala cannot ignore, or expect this Court to ignore, her own treatment below of Robin's Nest as

a defendant in the matter and contend that Wells Fargo should have somehow "seen through" her efforts to include Robin's Nest in the case. This is nonsensical.

Wells Fargo could have been punished had it treated the November 2, 2009 complaint as a nullity, showing how unreasonable her position is. Kakarala points to no authority suggesting that Wells Fargo had to "test" the validity of a non-removable complaint by trying to remove it. Federal jurisprudence teaches the opposite – that a defendant must take notice of jurisdictional facts as pled upon service of the pleading, not based on some duty to inquire further. *Harris v. Bankers Life & Cas. Co*., 425 F.3d 689, 690-91, 694 (9th Cir. 2005). Not only would removal of Kakarala's first complaint have been futile due to her later joinder of a non-diverse defendant, but Wells Fargo would have risked sanctions had it tried to remove it. *See* 28 U.S.C. § 1446(a) (requiring notice of removal to be "signed pursuant to Rule 11 of the Federal Rules of Civil Procedure"); 28 U.S.C. § 1447(c) (authorizing an award of attorneys' fees and costs where removed matter is remanded). Kakarala cannot whipsaw Wells Fargo by making it risky to take such improvident steps on the front end, and then by arguing (once Wells Fargo won) that there was never jurisdiction in the first place. This is fundamentally unfair and unreasonable.

### 2. *Wells Fargo Timely Removed Kakarala's Federal Question Complaint.*

While Kakarala's November 2, 2009 complaint made her case non-removable, Wells Fargo timely removed it after she made it again removable by filing on March 10, 2010 a Motion For Leave To Amend her complaint, to file a complaint raising federal questions. While little law provides guidance about on-again, off-again removability as Kakarala's series of filings caused here, there is no indication in 28 U.S.C. § 1446(b) that Congress intended to empower plaintiffs to short-change a defendant of its statutory 30-day period to consider its jurisdictional choices by making filings that were not consistently removable. The most reasonable approach consistent with Supreme Court and Ninth Circuit holdings is that the temporary period of initial removability does not affect a defendant's right to a full 30 days to remove the later complaint.

This Court's treatment of the first-served defendant rule supports that proposition. In *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., the Supreme Court rejected the so-called "receipt" rule that triggered the 30-day removal deadline by merely sending a copy of a complaint to a defendant, and instead construed § 1446(b) to require service of a complaint. 526 U.S. 344, 354 (1999). The Court recognized that the removal statutes were designed "to give adequate time and operate uniformly throughout the Federal jurisdiction." *Id.* at 351 (quoting H.R. Rep. No. 308, 80th Cong., 1 Sess., A135 (1947)). This Court later

cited *Murphy* in rejecting the first-served defendant rule, stating the "most straightforward meaning of [§ 1446(b)] is that each defendant has 30 days to remove." *Destfino v. Reiswig*, 630 F.3d 952, 955 (9th Cir. 2011). *See also id.* at 955-56 (warning of "unfair manipulation" by plaintiffs of service rules to thwart removal).

Congress showed its concern that defendants not have their time to remove cut short by eliminating the first-served defendant rule in amendments to § 1446(b) in 2011 to require that "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B); Pub. L. 112-63. Congress was concerned both about the inconsistent approaches of federal courts and "[f]airness to later-served defendants," who should "be given their own opportunity to remove, even if the earlier-served defendants chose not to remove initially." H.R. Rep. 112-10, on Federal Courts Jurisdiction and Venue Clarification Act of 2011, 2011 U.S.C.C.A.N. 576, 580, *13-14.

Wells Fargo removed the complaint within 30 days of Kakarala's March 12, 2010 Motion For Leave To Amend, regardless of what legal analysis applies. While the Ninth Circuit has not decided whether the 30-day removal period runs from (1) the filing or service of a proposed complaint with a motion to amend (the minority rule), or (2) the filing of an order granting a motion to amend (the

22

majority rule), Wells Fargo was timely under any of these alternatives.[2]  See 28 U.S.C. § 1446(b)(3) ("if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of ***an amended pleading, motion, order or other paper*** from which it may first be ascertained that the case is one which is or has become removable.")  (Emphasis added.)

Wells Fargo's April 12, 2010 removal was timely under the majority rule. Most circuit courts of appeal and a majority of federal district courts that have addressed the issue reject option (1), above, and hold that (2) – the order granting the motion to amend – is the triggering event for removal.  *See Freeman v. Blue Ridge Paper Prods., Inc*. 551 F.3d 405, 410 (6th Cir. 2008); *Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir. 1998); *Santiago v. Tri City Med. Ctr*., 10CV1194 NLS, 2010 WL 4316959, *2 (S.D. Cal. Oct. 25, 2010); *Lucente S.P.A. v. Apik Jewelry, Inc*., CV-07-04005 MMM RZX, 2007 WL 7209938, *2-4 (C.D. Cal. Oct. 3, 2007); *Torres v. Chevron U.S.A., Inc*., C 04-2523 SBA, 2004 WL 2348274, *3 (N.D. Cal. Oct. 18, 2004); *Graphic Scanning Corp. v. Yampol*, 677 F. Supp. 256, 259 (D. Del. 1988).  Since the state court filed its order granting Kakarala's motion

---

[2] Wells Fargo was also timely under a less-favored third alternative, that the removal period does not begin to run until even later, after the filing or service of an amended complaint after the order permitting filing. *See Bezy v. Floyd County Plan Comission*, 199 F.R.D. 308, 313 (S.D. Ind. 2001).  In any event, Kakarala does not argue for any such rule.

for leave to amend on Wednesday, April 7, 2010, Wells Fargo's removal under 28 U.S.C. § 1331 a mere five days later, on Monday, April 12, 2010, was well within the 30-day deadline.

Wells Fargo's removal was also timely if considered under the minority position, by which a motion to amend triggers the running of the 30-day removal deadline. *See Lucente, supra* (discussing and rejecting the minority view, and collecting cases). Kakarala filed her motion to amend on March 12, 2010, which included a proposed complaint reflecting several federal claims. (Vol. 3, RE0466-0468.) Her motion to amend was served by mail on Wells Fargo (Vol. 3, RE0467), so service was deemed effected five days later, by March 17, 2010.[3] *See* Ariz. R. Civ. Proc. 6(e). Wells Fargo removed the action under 28 U.S.C. § 1331 on April 12, 2010, 26 days after service of Kakarala's proposed amended complaint, and therefore within the 30-day removal period. (Vol. 3 RE0335-337.)

Finally, Wells Fargo's April 12, 2010 removal would also be timely even if this Court fused the majority-rule approach with the approach of the Middle District of Tennessee to interrupted removal periods. In *Nasco, Inc. v. Norsworthy*, that court held that an interrupted removal period that restarts when a case becomes

---

[3] State law provides the rule for deciding when Wells Fargo was deemed served for purposes of removal analysis. *Murphy Bros*., 526 U.S. at 354; *Wallace v. Microsoft Corp*., 596 F.3d 703, 706 (10th Cir. 2010).

removable again should be reduced by the number of days during which the case had been removable before the interruption. 785 F. Supp. 707, 710 (M.D. Tenn. 1992). Thus, under *Nasco*, Kakarala's case would have been removable for 26 days before November 2, 2009, leaving Wells Fargo four days after the April 7, 2010 order granting her leave to amend her complaint to remove it. The 30-day removal period would have ended on Sunday, April 11, 2010, entitling Wells Fargo to remove on Monday, April 12, 2010. Fed. R. Civ. P. 6(a)(1)(C).

### D. Kakarala Cannot Dispute That the District Court Had Subject Matter Jurisdiction at Entry of Final Judgment, and Thus Had Jurisdiction To Enter Judgment on the State Law Claims.

Kakarala does not squarely address Wells Fargo's argument that the district court had no discretion to refuse to exercise its subject matter jurisdiction over her state law claims at the time of entry of final judgment. *See Williams v. Costco Wholesale Corporation*, 471 F.3d 975, 976-77 (9th Cir. 2006). She also does not question the mandate of *Caterpillar, Inc. v. Lewis*, 519 U.S. 61 (1996), that the existence of jurisdiction at the time the district court entered final judgment on all of her claims precludes remand of those state law claims.

*Caterpillar* squarely held that final judgments could not be collaterally attacked for jurisdictional defects that may have existed at some point prior to final judgment but were nonetheless cured by the time judgment was entered. *Caterpillar* is particularly instructive because a defendant filed a premature notice

of removal when it learned plaintiff was settling with a non-diverse defendant, even though that defendant had not yet been dismissed.  519 U.S. at 64-65.  And there, the plaintiff even objected to removal on that ground, but the district court apparently viewed as dispositive plaintiff's admission regarding settlement.  *Id.* at 66.

The Supreme Court agreed that the district court should not have permitted removal when a non-diverse defendant technically was still in the case, but the eventual dismissal of that defendant cured the error.  *Caterpillar,* 519 U.S. at 70. The need for finality after a full determination on the merits was deemed an "overriding consideration."  *Id.* at 75.  *See also Moffitt v. Residential Funding Co., LLC*, 604 F.3d 156, 158-59 (4th Cir. 2010) (when defendants removed on the basis of federal diversity after receiving letters from plaintiffs stating intent to amend and attaching proposed complaint, arguably premature removal was cured when plaintiffs filed their amended complaints); *City of Joliet, Ill. v. New W., L.P.*, 562 F.3d 830, 833 (7th Cir. 2009) (though federal agency had not entered action at time of removal, no reversible error, as "[i]t would be pointless to order this suit remanded, only to have HUD re-remove it in a trice.  The Supreme Court has held that, when a suit is removed prematurely, the district court may proceed if it has subject-matter jurisdiction at the time it enters judgment.").

26

That finality should be the overriding consideration here. Kakarala rebuts none of these points, and does not truly argue that the district court lacked subject matter jurisdiction at the time judgment was entered. She agrees that Wells Fargo and Kakarala were diverse. Instead, she confuses subject matter jurisdiction with procedural defects in removal in contending that the alleged untimeliness deprived the district court of subject matter jurisdiction over the entire proceeding. Yet as noted above, subject matter jurisdiction and procedural compliance are not the same thing, and any procedural defects – if they exist at all – can be waived and were waived here. *See Maniar*, 979 F.2d at 784-85; *Kelton Arms Condo. Owners Ass'n,* 346 F.3d at 1192-93. Thus, the district court had no discretion to refuse to exercise diversity jurisdiction at the time of entry of final judgment, and its remand order should be reversed.

### E. Kakarala Also Does Not Rebut Wells Fargo's Argument That the Trial Court's Remand Order Was an Abuse of Discretion Under *Carnegie-Mellon*.

Even if this Court were to conclude that the district court lacked diversity jurisdiction over Kakarala's state law claims, Kakarala does not rebut Wells Fargo's alternative argument that it was an abuse of discretion to remand state law claims according to the factors set forth in *Carnegie-Mellon University v. Cohill*. 484 U.S. 343, 350 (1988). These include "the values of judicial economy, convenience, fairness, and comity." *Id.* Kakarala does not contend that her case

27

provides a novel state law question, nor does she dispute that it would be highly inefficient to remand state law claims that had been pending in federal court for more than two years by the time they were decided.   Nor does she dispute that she is seeking the proverbial "second bite at the apple."   Thus, the district court's remand of Kakarala's state law claims was an abuse of discretion.

## IV.   CONCLUSION

For the reasons stated above and in Wells Fargo's Opening Brief, Wells Fargo respectfully requests that this Court reverse the decision of the district court to remand the state law claims to the state court, and direct the district court to reinstate the judgment against Kakarala and in favor of Wells Fargo on all claims.

Dated: January 31, 2014

SNELL & WILMER L.L.P.

s/*Andrew M. Jacobs*
Andrew M. Jacobs
One South Church Avenue, Suite 1500
Tucson, AZ 85701-1630
Telephone:  (520) 882-1200
Facsimile:   (520) 884-1294
ajacobs@swlaw.com

Jessica E. Yates
1200 Seventeenth Street, Suite 1900
Denver, Colorado 80202
Telephone:  (303) 634-2000
Facsimile:   (303) 634-2020
jyates@swlaw.com

**Attorneys for Appellant**
**Wells Fargo Bank, N.A.**

28

## CERTIFICATE OF COMPLIANCE

The undersigned certifies under Rule 32(a)(7)(C) of the Federal Rules of Appellate Procedure and Ninth Circuit Rule 32-1, that the attached opening brief is proportionally spaced, has a type face of 14 points or more and, pursuant to the word-count feature of the word processing program used to prepare this brief, contains 6,945 words, exclusive of the matters that may be omitted under Rule 32(a)(7)(B)(iii).

*s/Andrew M. Jacobs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 31, 2014, a copy of the foregoing **APPELLANT'S REPLY BRIEF** was served via CM/ECF or E-Mail on the following:

Vince Rabago, Esq.
VINCE RABAGO LAW OFFICE
500 N. Tucson, Blvd. Suite 100
Tucson, Arizona 85716
Telephone: (520) 955-9038
Facsimile: (888) 371-4011
vince.rabago@azbar.org

**Counsel for Plaintiff/Appellee**

*s/      Nicole Whitney*
for Snell & Wilmer L.L.P.

18670996

30